### IN THE

# SURROGATES' COURTS

### OF THE

## STATE OF NEW YORK.

WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—September, 1885.

## MATTER OF LEINKAUF.

*In the matter of the judicial settlement of the account of* HERMAN J. LEINKAUF, *and others, executors of, and trustees under the will of* DONAH LEINKAUF, *deceased.*

The provision of Code Civ. Pro., § 2530, requiring a Surrogate to appoint a competent and responsible person to appear, in a special proceeding, as special guardian for an infant party who does not appear by his general guardian, is properly complied with upon the return day of the citation. An earlier application by an infant cited, for such an appointment in his own behalf, is premature.

Executors, who are also constituted trustees by their testator's will, cannot have commissions, in both capacities, at one time, upon one fund.

Where a will creates a trust in the executors, directing them to sell and convert the property, invest the proceeds, and apply the income to the use of designated beneficiaries, and their account is presented for settlement before completion of the performance of their executorial duties, only half commissions can be allowed upon proceeds of sale in their hands, the other half being awardable when those duties, with respect to the fund, are terminated, and the accounting parties enter upon the discharge of their functions as trustees.

VOL. IV—1.

ON September 3rd, 1885, upon the petition of the executors, citations, returnable the 30th day of the same month, were issued for a final accounting in this matter.   On September 23rd, a petition was filed by Daniel M. Cohen, a half brother of Bertha Leinkauf, and two other children of decedent, all under fourteen years of age, on whom the citation had' been served, praying for the appointment of Daniel P. Hays as their special guardian in this proceeding, alleging him to be a competent, responsible and disinterested person.

DANIEL P. HAYS, *for petitioners.*

THE SURROGATE.—The application, if proper, is premature.   Section 2530 of the Code provides that " where a party, who is an infant, does not appear by his general guardian, . . . . . the Surrogate must appoint a competent and responsible person to appear as special guardian for that party."   Although these minors had no general guardian when this petition was presented, yet it was possible for them to have one on or before the return day of the citation.   As they are residents of the city and county of New York, the Surrogate of that county could have made such appointment without the knowledge of it coming to this court.   Should he have done so, that general guardian can appear for them on the return day of the citation.   It seems, therefore, that this court should refrain from appointing a special guardian, in any case, until the return day of the citation.

Application denied.

## MATTER OF LEINKAUF.

Upon the accounting, it appeared that the testatrix, by her will, gave and devised all her estate, real and personal, to her executors, in trust, to sell and convert into money, and, after the payment of her debts, to invest $10,000, and pay or apply the income thereof to her husband for life, said fund upon his death to fall into her residuary estate. The residuary estate was to be divided into separate and equal shares, and invested for the benefit of each child: for the sons until they attained to a certain age, and for the daughters for life, remainder to the issue, etc. The executors and trustees accounted in 1877, and again in 1882. Upon the last accounting, a small balance of the capital of the estate, amounting to about $150, was found to be in their hands, which the decree directed them to hold under the provisions of the will. The bulk of the real property was sold in July, 1885, for upwards of $52,000, out of which the debts, amounting to over $26,000, were subsequently paid. The fund of $10,000 for the benefit of the husband had not yet been invested, nor had the residuary estate, as directed by the will. The executors and trustees now claimed commissions in both capacities.

J. H. K. BLAUVELT, *for executors.*

THOMAS W. BUTTS, *guardian ad litem for infants.*

THE SURROGATE.—It seems to me that the very title of this matter indicates that double commissions cannot now be allowed. The Court of Appeals, in Johnson v. Lawrence (95 *N. Y.*, 154), says, after re-

viewing the adjudged cases on the subject, they appear to establish that, " to entitle the same persons to commissions as executors and trustees, the will must provide, either by express terms or by fair intendment, for the separation of the two functions and duties, *one duty to precede the other and to be performed before the latter is begun.*" Now the title indicates, what the facts seem to disclose, that the executors have not fully performed their duties, else they could not be accounting as such now. By her will, the testatrix gave and devised all her estate, which consisted chiefly of real property, to her executors, in trust, to sell and convert; and, after payment of debts, to invest the proceeds for lives and for years. The last accounting was had in 1882, and since that time the bulk of the real property, and all that remained, has been sold; and it is in regard to that, chiefly, that this accounting is now had. It does not appear that any separation of the fund has as yet been made by the executors, and no direction for such separation has been made by the decree of this court, as this is the first accounting since the sale of the bulk of the real property. As the whole of the real property has now been sold, a final accounting of the executors can be had, and the amount of each child's share be ascertained; and the decree can discharge them as executors, and direct them to invest and hold such shares as trustees.

I do not understand how they can embrace in one account an intermingled statement of their proceedings, both as executors and trustees. But, conceding that they are constituted trustees by the will, and

had they heretofore, as such, invested the $10,000 for the benefit of the husband, they might render a separate account as to that fund, and a separate one as to the balance of the estate, which they still held as executors. These would, however, be distinct proceedings, in one of which they would be entitled to commissions as trustees, and in the other as executors.

They are now entitled, as executors, to full commissions on the amount of capital received since the last accounting, provided their executorial duties are here terminated : if not, they can have only half commissions now, and the other half when those duties shall be ended, and they enter upon those of trustees. They cannot have double commissions at the same time on the same fund.

As the facts are understood, no commissions can be now allowed to the executors as trustees. Those must be fixed on the next accounting by them as such.

Decreed accordingly.